1  DAVID J. DOW, Bar No. 179407
   ddow@littler.com
2  MATTHEW B. RILEY, Bar No. 257643
   mriley@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, California  92101.3577
   Telephone:   619.232.0441
5  Facsimile:    619.232.4302

6  Attorneys for Defendants
   FIRST STUDENT MANAGEMENT, LLC,
7  FIRSTGROUP AMERICA, INC., and
   FIRST TRANSIT, INC.

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11 BARBARA GALVAN, on behalf of herself,      Case No.  3:18-cv-07378
   all others similarly situated,
12                                            [San Mateo County Superior Court Case No.
                  Plaintiff,                  18CIV06012]
13
   v.                                         **DECLARATION OF MATTHEW B. RILEY**
14                                            **IN SUPPORT OF NOTICE OF REMOVAL**
   FIRST STUDENT MANAGEMENT, LLC, a           **TO FEDERAL COURT PURSUANT TO 28**
15 Delaware limited liability company;        **U.S.C. §§ 1332, 1441, AND 1446**
   FIRSTGROUP AMERICA, INC., a Delaware
16 corporation; FIRST TRANSIT, INC., a
   Delaware corporation; and DOES 1 through
17 50, inclusive,                             Complaint filed:  November 6, 2018

18                Defendants.

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DECLARATION OF MATTHEW B. RILEY

I, Matthew B. Riley, hereby declare as follows:

1.     I am an attorney admitted to practice in the State of California and in this Court, and I am an attorney at the law firm of Littler Mendelson, P.C., counsel of record for Defendants First Student Management, LLC, FirstGroup America, Inc., and First Transit, Inc. ("Defendants") in this action.  I make this declaration in support of Defendant's Notice of Removal to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 ("Notice of Removal").  All of the information set forth herein is based on my personal and firsthand knowledge and/or based on information and documents retained by our firm in the regular course of its business operations, and if called and sworn as a witness, I could and would competently testify thereto.

2.     On November 6, 2018, Plaintiff Barbara Galvan ("Plaintiff") filed an unverified Class Action Complaint against Defendants and various Doe defendants in the San Mateo County Superior Court entitled *BARBARA GALVAN, on behalf of herself, all others similarly situated, Plaintiff, v. FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; FIRSTGROUP AMERICA, INC., a Delaware corporation; FIRST TRANSIT, INC., a Delaware corporation, and DOES 1 through 50, inclusive, Defendants*, designated as Case No. 18CIV06012 (the "Complaint"). Attached to Defendants' Notice of Removal as Exhibit A is a true and correct copy of Plaintiff's Complaint.

3.     On November 8, 2018, Defendants were each served a copy of: (i) the Complaint; (b) a Summons; (c) a Civil Case Cover Sheet; and (d) a Notice of Assignment For All Purposes, Designation As Complex Case Setting of Case Management Conference and Complex Fees Due, through Defendants' registered agent for service of process, C T Corporation System.  Attached to Defendants' Notice of Removal as Exhibit B are true and correct copies of the three Summons, Civil Case Cover Sheet, and Notice of Assignment For All Purposes, Designation As Complex Case Setting of Case Management Conference and Complex Fees Due.

4.     On December 6, 2018, Defendants filed an Answer to Plaintiff's Complaint in the San Mateo County Superior Court and served Plaintiff with that Answer.  A true and correct copy of Defendants' Answer is attached to Defendants' Notice of Removal as Exhibit C.

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DECLARATION OF MATTHEW B. RILEY          2.

1       5.      To Defendants' knowledge, no further process, pleadings, or orders related to this

2   case have been filed in the San Mateo County Superior Court or served by any party other than as

3   described above.  To Defendants' knowledge, no proceedings related hereto have been heard in the

4   San Mateo County Superior Court.

5       6.      Following the filing of this Notice of Removal in the United States District Court for

6   the Northern District of California, written notice of such filing will be given by the undersigned to

7   Plaintiff's counsel of record, Shaun Setareh, H. Scott Leviant, and William Pao of the Setareh Law

8   Group.  In addition, a copy of the Notice of Removal without its accompanying exhibits will be filed

9   with the Clerk of Court for the San Mateo County Superior Court.

10      I declare under penalty of perjury under the laws of the United States of America and the

11  State of California that the foregoing is true and correct.

12      Executed this 7th day of December, 2018, in San Diego, California.

13

14                                          *s/ Matthew B. Riley*
                                            Matthew B. Riley

15

16
    FIRMWIDE:160823544.1 999999.0583
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DECLARATION OF MATTHEW B. RILEY            3.

# EXHIBIT A

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  H. Scott Leviant (SBN 200834)
   scott@setarehlaw.com
3  William M. Pao (SBN 219846)
   william@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   BARBARA GALVAN
8

**FILED**
SAN MATEO COUNTY

NOV 06 2018

Clerk of the Superior Court
By
DEPUTY CLERK

18-CIV-06012
CMP
Complaint
1479911

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SAN MATEO

11                  UNLIMITED JURISDICTION

12

13  BARBARA GALVAN, on behalf of herself,   | Case No.   **18CIV06012**
    all others similarly situated,
14                                          | **CLASS ACTION**
            *Plaintiff,*
15                                          | **COMPLAINT**
       vs.
16                                          | 1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
    FIRST STUDENT MANAGEMENT, LLC, a
17  Delaware limited liability company;     | 2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
    FIRSTGROUP AMERICA, INC., a Delaware
18  corporation; FIRST TRANSIT, INC., a     | 3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
    Delaware corporation; and DOES 1 through
19  50, inclusive,                          | 4.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
            *Defendants.*
20                                          | 5.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
21                                          | 6.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);
22
23                                          | **JURY TRIAL DEMANDED**
24
25
26
27
28

CLASS ACTION COMPLAINT

1   COMES NOW, Plaintiff BARBARA GALVAN ("Plaintiff"), on behalf of herself, all others

2   similarly situated, complains and alleges as follows:

3                                        **INTRODUCTION**

4       1.      Plaintiff brings this class action against Defendant FIRST STUDENT

5   MANAGEMENT, LLC, a Delaware limited liability company; FIRSTGROUP AMERICA, INC., a

6   Delaware corporation; and FIRST TRANSIT, INC., a Delaware corporation, and DOES 1 through

7   50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and

8   Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

9           (1)     failed to provide him and all other similarly situated individuals with meal

10                  periods;

11          (2)     failed to provide them with rest periods;

12          (3)     failed to pay them premium wages for missed meal and/or rest periods;

13          (4)     failed to pay them at least minimum wage for all hours worked;

14          (5)     failed to pay them overtime wages at the correct rate;

15          (6)     failed to pay them double time wages at the correct rate;

16          (7)     failed to provide them with accurate written wage statements; and

17          (8)     failed to pay them all of their final wages following separation of

18                  employment.

19      Based on these alleged Labor Code violations, Plaintiff now brings this class action to

20   recover unpaid wages, restitution and related relief on behalf of herself, all others similarly situated.

21                                  **JURISDICTON AND VENUE**

22      2.      This Court has subject matter jurisdiction to hear this case because the monetary

23   damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

24   jurisdiction of the Superior Court of the State of California.

25      3.      Venue is proper in the County of San Mateo pursuant to Code of Civil Procedure

26   sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

27   that are the subject matter of this Complaint occurred therein and/or each defendant is found,

28   maintains offices, transacts business and/or has an agent therein.

---

1

CLASS ACTION COMPLAINT

1       4.     Venue is proper in San Mateo County because Defendants' principal place of

2  business is in Ohio, is incorporated under the laws of Delaware, does business in San Mateo

3  County, and has not registered a California place of business with the California Secretary of State.

4  As such, venue is proper in any county in California.

5                        **PARTIES**

6       5.     Plaintiff BARBARA GALVAN is, and at all relevant times mentioned herein, an

7  individual residing in the State of California.

8       6.     Plaintiff is informed and believes, and thereupon alleges that Defendant FIRST

9  STUDENT MANAGEMENT, LLC is, and at all relevant times mentioned herein, a Delaware

10  limited liability company doing business in the State of California.

11       7.     Plaintiff is informed and believes, and thereupon alleges that Defendant

12  FIRSTGROUP OF AMERICA, INC. is, and at all relevant times mentioned herein, a Delaware

13  corporation doing business in the State of California.

14       8.     Plaintiff is informed and believes, and thereupon alleges that Defendant FIRST

15  TRANSIT, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing

16  business in the State of California.

17       9.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

18  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

19  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

20  when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

21  fictitiously named defendants are responsible in some manner for the occurrences, acts and

22  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

23  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

24  capacities of the DOE defendants when ascertained.

25       10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

26  mentioned herein, some or all of the defendants were the representatives, agents, employees,

27  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

28  other defendants, and in doing the things alleged herein, were acting within the course and scope of

2
CLASS ACTION COMPLAINT

1 | such relationship and with the full knowledge, consent and ratification by such other defendants.

2 |      11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

3 | mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

4 | and conspired with one another, and aided and abetted one another to accomplish the occurrences,

5 | acts and omissions alleged herein.

6 | **CLASS ALLEGATIONS**

7 |      12.    This action has been brought and may be maintained as a class action pursuant to

8 | Code of Civil Procedure section 382 because there is a well-defined community of interest among

9 | the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

10 | unaware of any difficulties likely to be encountered in managing this case as a class action.

11 |      13.    **Relevant Time Period**:  The relevant time period is defined as the time period

12 | beginning four years prior to the filing of this action until judgment is entered.

13 |      **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the

14 | **Relevant Time Period**.

15 |           **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

16 |

17 |           **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

18 |           **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before

19 | the filing of this action and ending when final judgment is entered.

20 |           **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three

21 | years before the filing of this action and ending when final judgment is entered.

22 |      **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

23 |

24 |      14.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

25 | right to amend or modify the class definitions with greater specificity, by further division into sub-

26 | classes and/or by limitation to particular issues.

27 |      15.    **Numerosity**:  The class members are so numerous that the individual joinder of each

28 | individual class member is impractical.  While Plaintiff does not currently know the exact number

3

CLASS ACTION COMPLAINT

1  of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

2  exceeds the minimum required for numerosity under California law.

3       16.   **Commonality and Predominance**: Common questions of law and fact exist as to

4  all class members and predominate over any questions which affect only individual class members.

5  These common questions include, but are not limited to:

6          A.   Whether Defendants maintained a policy or practice of failing to provide

7              employees with their meal periods;

8          B.   Whether Defendants maintained a policy or practice of failing to provide

9              employees with their rest periods;

10          C.   Whether Defendants failed to pay premium wages to class members when

11              they have not been provided with required meal and/or rest periods;

12          D.   Whether Defendants failed to pay minimum and/or overtime wages to class

13              members for all time worked;

14          E.   Whether Defendants failed to provide class members with accurate written

15              wage statements as a result of providing them with written wage statements

16              with inaccurate entries for, among other things, amounts of gross and net

17              wages, and total hours worked;

18          F.   Whether Defendants applied policies or practices that result in late and/or

19              incomplete final wage payments;

20          G.   Whether Defendants are liable to class members for waiting time penalties

21              under Labor Code section 203;

22          H.   Whether class members are entitled to restitution of money or property that

23              Defendants may have acquired from them through unfair competition;

24      17.   **Typicality**:  Plaintiff's claims are typical of the other class members' claims.

25  Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

26  failing to comply with the Labor Code and Business and Professions Code as alleged in this

27  Complaint.

28      18.   **Adequacy of Class Representative**:  Plaintiff is an adequate class representative in

1  that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

2  members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

3  and adequately represent and protect the interests of the other class members.

4        19.   **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

5  they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

6  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

7  behalf of Plaintiff and absent class members.

8        20.   **Superiority:**  A class action is vastly superior to other available means for fair and

9  efficient adjudication of the class members' claims and would be beneficial to the parties and the

10  Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

11  and efficiently prosecute their common claims in a single forum without the unnecessary

12  duplication of effort and expense that numerous individual actions would entail.  In addition, the

13  monetary amounts due to many individual class members are likely to be relatively small and would

14  thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

15  Moreover, a class action will serve an important public interest by permitting class members to

16  effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

17  potential for inconsistent or contradictory judgments inherent in individual litigation.

18                        **GENERAL ALLEGATIONS**

19        21.   Plaintiff worked for Defendants as a non-exempt, hourly employee from

20  approximately November 2011 through November 2017.

21                        **Off-the-Clock Work**

22        22.   Plaintiff and the putative class were not paid all wages earned as Defendants

23  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock

24  work.

25        23.   Plaintiff and the putative class regularly started work before their scheduled work

26  hours and were not paid for this time.  Plaintiff and the putative class were able to clock in and out

27  for each shift using a timekeeping device located inside the bus they drove.

28        24.   However, prior to clocking in, Plaintiff and the putative class were required to stop

1   by the management office to make sure that there were no last minute changes to their schedule

2   and/or itinerary, pick up her keys and badge, and obtain the paperwork for all trips each day.

3         25.     The time spent performing pre-trip duties could take anywhere from ten to fifteen

4   minutes each day for which Plaintiff and the putative class were not paid by Defendants.

5         26.     Moreover, Plaintiff and the putative class regularly performed work after their

6   scheduled work hours and were not paid for this time.

7         27.     At the end of each trip, Plaintiff and the putative class would be required to clock out

8   before leaving their bus and would have to make a stop at the management office where they would

9   return their keys and badge, update management of any issues that may have occurred during her

10   trip that day and prepare a daily report.

11         28.     The time spent performing post-trip duties could take anywhere from fifteen to thirty

12   minutes each day for which Plaintiff and the putative class were not paid by Defendants.

13         29.     Defendants knew or should have known that Plaintiff and the putative class were

14   performing work before and after their scheduled work shifts and failed to pay Plaintiff and the

15   putative class for these hours.

16         30.     As a result of performing off-the-clock work that was directed, permitted or

17   otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this

18   time.  Instead, Defendants only paid Plaintiff and the putative class based on the time they were

19   clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent

20   working off-the-clock.

21                    **Missed Meal Periods**

22         31.     Plaintiff and the putative class members were not provided with meal periods of at

23   least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

24   scheduling each meal period as part of each work shift; (2) chronically understaffing each work

25   shift with not enough workers; (3) imposing so much work on each employee such that it made it

26   unlikely that an employee would be able to take their breaks if they wanted to finish their work on

27   time; and (4) no formal written meal and rest period policy that encouraged employees to take their

28   meal and rest periods.

1    32.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

2  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

3  worked due to complying with Defendants' productivity requirements that required Plaintiff and

4  the putative class to work through their meal periods in order to complete their assignments on

5  time.

6                          **Missed Rest Periods**

7    33.    Plaintiff and the putative class members were not provided with rest periods of at

8  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

9  Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically

10  understaffing each work shift with not enough workers; (3) imposing so much work on each

11  employee such that it made it unlikely that an employee would be able to take their breaks if they

12  wanted to finish their work on time; and (4) no formal written meal and rest period policy that

13  encouraged employees to take their meal and rest periods.

14    34.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

15  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

16  due to complying with Defendants' productivity requirements that required Plaintiff and the

17  putative class to work through their rest periods in order to complete their assignments on time.

18                          **Wage Statements**

19    35.    Plaintiff and the putative class were not provided with accurate wage statements as

20  mandated by law pursuant to Labor Code section 226.

21    36.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

22  earned" were not accurately reflected in that:

23          a.   all hours worked, including overtime, were not included;

24          b.   any and all meal and/or rest period premium wages were not included.

25    37.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

26  worked by the employee" were not accurately reflected in that:

27          a.   all hours worked, including overtime, were not included.

28    38.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

7
CLASS ACTION COMPLAINT

1  earned" were not accurately reflected in that:

2          a.  all hours worked, including overtime, were not included.

3          b.  any and all meal and/or rest period premium wages were not included.

4      39.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

5  hourly rates in effect during the pay period and the corresponding number of hours worked at each

6  hourly rate by the employee" were not accurately reflected in that:

7          a.  all hours worked, including overtime, were not included.

8  **FIRST CAUSE OF ACTION**

9  **FAILURE TO PROVIDE MEAL PERIODS**

10  **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

11  **(Plaintiff and Meal Period Sub-Class)**

12      40.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

13  fully alleged herein.

14      41.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

15  non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

16  Code and the applicable Industrial Welfare Commission Wage Order.

17      42.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

18  Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

19  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

20  of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

21  minutes for each work period of ten hours.

22      43.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

23  Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

24  work during required meal periods and require employers to pay non-exempt employees an hour of

25  premium wages on each workday that the employee is not provided with the required meal period.

26      44.    Compensation for missed meal periods constitutes wages within the meaning of

27  Labor Code section 200.

28      45.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

8

CLASS ACTION COMPLAINT

violate the applicable Wage Order.

46.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

47.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

48.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

49.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

50.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

51.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

52.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

1   Class members additional premium wages, and/or were not paid premium wages at the employees'
2   regular rates of pay when required meal periods were not provided.

3       53.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself
4   and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,
5   and costs of suit.

6       54.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
7   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the
8   **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

9                           <u>**SECOND CAUSE OF ACTION**</u>
10                          **FAILURE TO PROVIDE REST PERIODS**
11                        **(Lab. Code §§ 204, 223, 226.7 and 1198)**
12                          **(Plaintiff and Rest Period Sub-Class)**

13      55.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
14   herein.

15      56.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been
16   non-exempt employees of Defendants entitled to the full rest period protections of both the Labor
17   Code and the applicable Wage Order.

18      57.     Section 12 of the applicable Wage Order imposes an affirmative obligation on
19   employers to permit and authorize employees to take required rest periods at a rate of no less than
20   ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be
21   in the middle of each work period insofar as practicable.

22      58.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit
23   employers from requiring employees to work during required rest periods and require employers to
24   pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on
25   each workday that the employee is not provided with the required rest period(s).

26      59.     Compensation for missed rest periods constitutes wages within the meaning of Labor
27   Code section 200.

28      60.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

                                    10
                          CLASS ACTION COMPLAINT

1 | violate the Wage Order.

2 |      61.   Plaintiff alleges that, at all relevant times during the applicable limitations period,

3 | Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

4 | with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

5 | as required by the applicable Wage Order.

6 |      62.   At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

7 | **Class** members additional premium wages when required rest periods were not provided.

8 |      63.   Specifically, Defendants written policies do not provide that employees may take a

9 | rest period for each four hours worked, or major fraction thereof, and that rest periods should be

10 | taken in the middle of each work period insofar as practicable.

11 |      64.   Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself

12 | and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

13 | costs of suit.

14 |      65.   Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

15 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

16 | **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

17 | **THIRD CAUSE OF ACTION**

18 | **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

19 | **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

20 | **(Plaintiff and Hourly Employee Class)**

21 |      66.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

22 | herein.

23 |      67.   At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

24 | been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

25 | applicable Wage Order.

26 |      68.   Section 2 of the applicable Wage Order defines "hours worked" as "the time during

27 | which an employee is subject to the control of the employer, and includes all the time the employee

28 | is suffered or permitted to work, whether or not required to do so."

11
CLASS ACTION COMPLAINT

69.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

70.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

71.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

72.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

73.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

74.     Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

75.     Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

76.     Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

77.     Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

78.     Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

79.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

80.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

81.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

82.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

83.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

84.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

///

///

///

///

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

85.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

86.     Labor Code section 226(a) states:

> "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

87.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion

14

1 │ Letter July 6, 2006).

2 │      88.    Plaintiff is informed and believes that, at all relevant times during the applicable

3 │ limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

4 │ members with written wage statements as described above.

5 │      89.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**

6 │ **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in

7 │ that Defendants have the ability to provide them with accurate wage statements but have

8 │ intentionally provided them with written wage statements that Defendants have known do not

9 │ comply with Labor Code section 226(a).

10 │      90.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

11 │ in that Defendants have violated their legal rights to receive accurate wage statements and have

12 │ misled them about their actual rates of pay and wages earned.  In addition, inaccurate information

13 │ on their wage statements have prevented immediate challenges to Defendants' unlawful pay

14 │ practices, has required discovery and mathematical computations to determine the amount of wages

15 │ owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

16 │ has led to the submission of inaccurate information about wages and deductions to federal and state

17 │ government agencies.

18 │      91.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage**

19 │ **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

20 │ initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

21 │ subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

22 │ aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

23 │ and costs.

24 │               **<u>FIFTH CAUSE OF ACTION</u>**

25 │          **FAILURE TO TIMELY PAY ALL FINAL WAGES**

26 │               **(Lab. Code §§ 201-203)**

27 │       **(Plaintiff and Waiting Time Penalties Sub-Class)**

28 │      92.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

1  herein.

2      93.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

3  have been entitled, upon the end of their employment with Defendants, to timely payment of all

4  wages earned and unpaid before termination or resignation.

5      94.    At all relevant times, pursuant to Labor Code section 201, employees who have been

6  discharged have been entitled to payment of all final wages immediately upon termination.

7      95.    At all relevant times, pursuant to Labor Code section 202, employees who have

8  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

9  payment of all final wages at the time of resignation.

10     96.    At all relevant times, pursuant to Labor Code section 202, employees who have

11  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

12  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

13     97.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her

14  final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

15     98.    Plaintiff is informed and believes that, at all relevant time during the applicable

16  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

17  members all of their final wages in accordance with the Labor Code.

18     99.    Plaintiff is informed and believes that, at all relevant times during the applicable

19  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

20  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

21  sections 201 or 202 by failing to timely pay them all final wages.

22     100.   Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

23  timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

24  willful in that Defendants have the ability to pay final wages in accordance with Labor Code

25  sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

26  with those requirements.

27     101.   Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and

28  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

1  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

2      102.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

3  and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**

4  **Class** members, seek awards of reasonable attorneys' fees and costs.

5  **SIXTH CAUSE OF ACTION**

6  **UNFAIR COMPETITION**

7  **(Bus. & Prof. Code §§ 17200 *et seq.*)**

8  **(Plaintiff and UCL Class)**

9      103.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

10  herein.

11      104.   Business and Professions Code section 17200 defines "unfair competition" to

12  include any unlawful business practice.

13      105.   Business and Professions Code section 17203-17204 allow a person who has lost

14  money or property as a result of unfair competition to bring a class action in accordance with Code

15  of Civil Procedure section 382 to recover money or property that may have been acquired from

16  similarly situated persons by means of unfair competition.

17      106.   California law requires employers to pay hourly, non-exempt employees for all hours

18  they are permitted or suffered to work, including hours that the employer knows or reasonable

19  should know that employees have worked.

20      107.   Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

21  SECOND and THIRD causes of action herein.

22      108.   Plaintiff lost money or property as a result of the aforementioned unfair competition.

23      109.   Defendants have or may have acquired money by means of unfair competition.

24      110.   Plaintiff is informed and believes and thereupon alleges that by committing the

25  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

26  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

27  Labor Code violations alleged herein.

28      111.   Defendants have committed criminal conduct through their policies and practices of,

17<br>CLASS ACTION COMPLAINT

1  *inter alia*, failing to comport with their affirmative obligations as an employer provide non-exempt

2  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

3  of five or more hours, by failing to provide non-exempt employees with a paid ten-minute rest

4  period for every four hours worked or major fraction thereof, and by failing to pay non-exempt

5  employees for all hours worked.

6        112.   At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

7  employees and entitled to the full protections of both the Labor Code and the applicable Wage

8  Order.

9        113.   Defendants' unlawful conduct as alleged in this Complaint amounts to and

10  constitutes unfair competition within the meaning of Business and Professions Code section 17200

11  *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

12  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

13  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

14  behalf of similarly situated persons in a class action proceeding.

15        114.   As a result of Defendants' violations of the Labor Code during the applicable

16  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

17  of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

18  conduct.

19        115.   Plaintiff is informed and believes that other similarly situated persons have been

20  subject to the same unlawful policies or practices of Defendants.

21        116.   Due to the unfair and unlawful business practices in violation of the Labor Code,

22  Defendants have gained a competitive advantage over other comparable companies doing business

23  in the State of California that comply with their legal obligations.

24        117.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

25  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

26  violates or is considered unlawful under any other state or federal law.

27        118.   Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

28  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

1   Defendants, and each of them, and their agents and employees, from further violations of the Labor

2   Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

3   an order permanently enjoining Defendants, and each of them, and their respective agents and

4   employees, from further violations of the Labor Code and applicable Industrial Welfare

5   Commission Wage Orders.

6       119.   Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

7   herself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

8   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

9   and unfair business practices.

10      120.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

11   and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

12   reasonable attorneys' fees in connection with their unfair competition claims.

13                              <u>**PRAYER FOR RELIEF**</u>

14      WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief

15   and judgment against Defendants as follows:

16          (1)   An order that the action be certified as a class action;

17          (2)   An order that Plaintiff be appointed class representative;

18          (3)   An order that counsel for Plaintiff be appointed class counsel;

19          (4)   Unpaid wages;

20          (5)   Actual damages;

21          (6)   Liquidated damages;

22          (7)   Restitution;

23          (8)   Declaratory relief;

24          (9)   Pre-judgment interest;

25          (10)  Statutory penalties;

26          (11)  Costs of suit;

27          (12)  Reasonable attorneys' fees; and

28          (13)  Such other relief as the Court deems just and proper.

19
CLASS ACTION COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2        Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all

3  issues so triable.

4

5  DATED:  November 5, 2018             SETAREH LAW GROUP

6

7

8

9                                  SHAUN SETAREH
                                    Attorneys for Plaintiff

10                                    BARBARA GALVAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

CLASS ACTION COMPLAINT

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BARBARA GALVAN, on behalf of herself, all others similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 0 6 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Southern Branch<br><br>400 County Center<br>Redwood City, California 94063 | **18CIV06012** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

| DATE: *(Fecha)* | NOV 0 6 2018 | Clerk, by NEAL TANIGUCHI *(Secretario)* | MIRNA P. RIVERA-MARTINEZ Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FIRST STUDENT MANAGEMENT, LLC

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE:<br>Galvan v. First Student Management, LLC, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

FIRSTGROUP AMERICA, INC., a Delaware corporation; FIRST TRANSIT, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability
company; (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BARBARA GALVAN, on behalf of herself, all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# ENDORSED FILED
# SAN MATEO COUNTY

NOV 0 6 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Southern Branch

400 County Center
Redwood City, California 94063

| CASE NUMBER: |
| *(Número del Caso):* |
| **18 C I V 0 6 0 1 2** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

DATE: **NOV 0 6 2018**
*(Fecha)*

Clerk, by **NEAL TANIGUCHI**    **MIRNA P. RIVERA-MARTINEZ**, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FIRSTGROUP AMERICA , INC

   under: ☒ CCP 416.10 (corporation)
   ☐ CCP 416.20 (defunct corporation)
   ☐ CCP 416.40 (association or partnership)
   ☐ other *(specify):*

   ☐ CCP 416.60 (minor)
   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Galvan v. First Student Management, LLC, et al. | |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

FIRSTGROUP AMERICA, INC., a Delaware corporation; FIRST TRANSIT, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page 1 of 1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BARBARA GALVAN, on behalf of herself, all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 0 6 2018

Clerk of the Superior Court
By  MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Southern Branch<br><br>400 County Center<br>Redwood City, California 94063 | CASE NUMBER:<br>*(Número del Caso):*<br>**18CIV06012** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

| DATE:<br>*(Fecha)* NOV 0 6 2018 | Clerk, by NEAL TANIGUCHI<br>*(Secretario)* | MIRNA P. RIVERA-MARTINEZ Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* FIRST TRANSIT, INC.

   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Galvan v. First Student Management, LLC, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

FIRSTGROUP AMERICA, INC., a Delaware corporation; FIRST TRANSIT, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Shaun Setareh (SBN 204514)
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, California 90212
TELEPHONE NO.: (310) 888-7771        FAX NO.: (310) 888-0109
ATTORNEY FOR (Name): Barbara Galvan

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 0 6 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, California 94063
BRANCH NAME: Southern Branch

CASE NAME:
Galvan v. First Student Management, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | 18CIV06012 |
| (Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:
DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): Six
5. This case ☑ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 5, 2018
Shaun Setareh, Esq.
_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

FOR COURT USE ONLY

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV 0 6 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

PLAINTIFF: **BARBARA GALVAN**

DEFENDANT: **FIRST STUDENT MANAGEMENT, LLC, A DELAWARE LIMITED LIABILITY COMPANY; FIRSTGROUP AMERICA, INC., A DELAWARE CORPORATION; FIRST TRANSIT, INC., A DELAWARE CORPORATION; DOES 1 THROUGH 50, INCLUSIVE**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE**

CASE NUMBER:
**18-CIV-06012**

This case has been filed by Plaintiff(s) as a putative class action. By Standing Order 18-148 of the Presiding Judge, pursuant to California Rules of Court 3.400 and 3.403, this action is automatically deemed a "complex case" and assigned for all purposes to the Court's Complex Civil Litigation Judge, **the Honorable Marie S. Weiner, Department 2,** located at 400 County Center, Courtroom 2E, Redwood City, California 94063, (650) 261-5102.

The parties or their attorneys of record must appear for a Case Management Conference in Department 2 on **2/25/2019 at 9:00 a.m.**

**Pursuant to Government Code Section 70616(a), the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case (Govt.C. 70616(b) and (d)).**

Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.

Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) IS/ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Date: 11/6/2018                                   Neal I. Taniguchi, Court Executive Officer/Clerk

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by personally delivering a copy of this Notice to the Plaintiff or designee at 400 County Center, Redwood City, California.

Date: 11/6/2018                    By: **NEAL TANIGUCHI**          **MIRNA P. RIVERA-MARTINEZ**

Mirna Rivera-Martinez, Courtroom Clerk

# EXHIBIT C

Exhibit C
Page 30

1   DAVID J. DOW, Bar No. 179407
2   MATTHEW B. RILEY, Bar No. 257643
    LITTLER MENDELSON, P.C.
3   501 W. Broadway, Suite 900
    San Diego, CA 92101.3577
4   Telephone:    619.232.0441
    Fax No.:      619.232.4302

5   Attorneys for Defendants FIRST STUDENT
    MANAGEMENT, LLC, FIRSTGROUP
6   AMERICA, INC., and TRANSIT, INC.

**ENDORSED FILED**
**SAN MATEO COUNTY**

**DEC - 6 2018**

Clerk of the Superior Court
By____MARCELA ENRIQUEZ
        DEPUTY CLERK

7

8                SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN MATEO

10  BARBARA GALVAN, on behalf of          Case No.  18CIV06012
    herself, all others similarly situated,
11                                        *ASSIGNED FOR ALL PURPOSES TO:*
                    Plaintiff,            HON. MARIE S. WEINER, DEPT. 2
12
            v.                            **DEFENDANTS' ANSWER TO**
13                                        **PLAINTIFF'S CLASS ACTION**
    FIRST STUDENT MANAGEMENT,             **COMPLAINT**
14  LLC, a Delaware limited liability                          **BY FAX**
    company; FIRSTGROUP AMERICA,
15  INC., a Delaware corporation; FIRST
    TRANSIT, INC., a Delaware corporation; Complaint Filed:  November 6, 2018
16  and DOES 1 through 50, inclusive,

17                  Defendants.

18

19          Defendants FIRST STUDENT MANAGEMENT, LLC, FIRSTGROUP AMERICA, INC.,

20  and FIRST TRANSIT, INC. (collectively, "Defendants") hereby answer the Class Action Complaint

21  ("Complaint") filed by Plaintiff BARBARA GALVAN ("Plaintiff") as follows:

22                            **GENERAL DENIAL**

23          Pursuant to California Code of Civil Procedure § 431.30(d), Defendants deny, generally and

24  specifically, all material allegations contained in each and every cause of action of the Complaint.  In

25  addition, Defendants further deny that Plaintiff has been damaged or has sustained or will sustain

26  any loss or damage in any manner or amount whatsoever as a result of any act or omission on the

27  part of Defendants.

28  ////

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit C
Page 31

1

**AFFIRMATIVE DEFENSES**

2      Defendants further assert the following affirmative defenses to the Complaint and each claim

3  therein.   By asserting the defenses, Defendants do not concede that they have the burden of

4  production or proof as to any affirmative defense asserted below.  Defendants do not presently know

5  all of the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this

6  time. Defendants will seek leave of this Court to amend this Answer should they later discover facts

7  demonstrating the existence of additional affirmative defenses.

8

**FIRST AFFIRMATIVE DEFENSE**

9      As a separate and distinct affirmative defense, Defendants allege that the Complaint, and

10  each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of

11  action upon which relief can be granted.

12

**SECOND AFFIRMATIVE DEFENSE**

13      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's state law

14  claims are preempted in whole or in part by federal law, including, but not limited to, Section 301 of

15  the Labor Management Relations Act, 29 U.S.C. § 185.

16

**THIRD AFFIRMATIVE DEFENSE**

17      As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to

18  allege special damages with requisite specificity.

19

**FOURTH AFFIRMATIVE DEFENSE**

20      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are

21  barred by her own breach of duties owed to Defendants under California Labor Code §§ 2856 and

22  2859.

23

**FIFTH AFFIRMATIVE DEFENSE**

24      As a separate and distinct affirmative defense, Defendants allege that if either Plaintiff or any

25  putative class member "worked" hours for which compensation was not paid, Defendants had no

26  knowledge, or reason to know, of such "work" and such "work" was undertaken without the consent

27  or permission of Defendants.

28  / / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

2.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit C
Page 32

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that any time either Plaintiff or the individuals she seeks to represent spent on work-related activities for which compensation was otherwise due but was not paid was *de minimus* such that no compensation is owed.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that all or portions of the claims set forth in the Complaint are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 338(a), 339, 340(a), California Business and Professions Code § 17208, and any other applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that all or portions of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel, including to the extent that Plaintiff and/or putative class members failed to comply with Defendants' policies and procedures relating to meal and rest periods, recording of time worked or other employment-related policies relating to the allegations in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff and the putative class should be required to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over their claims.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that the alleged injuries to Plaintiff and the putative class members were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that any loss or damage sustained by Plaintiff and the putative class members, if any, were caused by the acts or omissions of Plaintiff and the putative class, or persons other than Defendants.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that any unlawful or other wrongful acts of any person(s) employed by Defendants were outside of the scope of his or her authority and such act(s), if any, were not authorized, ratified, or condoned by Defendants, nor did Defendants know or have reason to be aware of such alleged conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported claim contained therein, is barred to the extent Plaintiff and the putative class members, by their acts, conduct, and omissions, expressly or impliedly waived whatever rights they may have had against Defendants or misled Defendants regarding hours worked.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the claims alleged by Plaintiff are barred because, without admitting that Defendant owed any duties or obligations to Plaintiff and the putative class members, such duties or obligations have been fully performed, satisfied or discharged.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained against Defendants because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code § 226.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendants allege that any violation of the California Labor Code, or of a Wage Order of the Industrial Welfare Commission, was an act or omission made in good faith, and that in any

4.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT
Exhibit C
Page 34

1   participation in such acts, Defendants had reasonable grounds for believing that the act or omission

2   was not a violation of the California Labor Code, or any Wage Order of the Industrial Welfare

3   Commission.

4   **EIGHTEENTH AFFIRMATIVE DEFENSE**

5   As a separate and distinct affirmative defense, Defendants allege that assuming, *arguendo*,

6   that Plaintiff and the putative class members are entitled to additional compensation, Defendants

7   have not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the

8   putative class members to justify any awards of penalties, fees, or liquidated damages.

9   **NINETEENTH AFFIRMATIVE DEFENSE**

10   As a separate and distinct affirmative defense, Defendants allege that the Complaint and each

11   cause of action set forth therein are barred because Plaintiff and the putative class failed to timely

12   and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies

13   available to them, including under any applicable collective bargaining agreement, prior to

14   commencing this action.

15   **TWENTIETH AFFIRMATIVE DEFENSE**

16   As a separate and distinct affirmative defense, Defendants allege that their business actions

17   or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California

18   Business and Professions Code § 17200 *et seq.*

19   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

20   As a separate and distinct affirmative defense to the Complaint and to the cause of action

21   therein for alleged violation of California Business and Professions Code § 17200 *et seq.*, Plaintiff's

22   claims (and those of the putative class) are barred because California Business and Professions Code

23   § 17200 *et seq.* is unconstitutionally vague and overbroad and the manner in which Plaintiff alleges

24   that said statutes apply to Defendants' business practices constitutes a violation of Defendants' rights

25   to substantive and procedural due process rights under the Fourteenth Amendment of the United

26   States Constitution and under the California Constitution.

27   / / / /

28   / / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

5.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit C
Page 35

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code § 17200 *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that this suit may not be properly maintained as a class action because: (a) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (d) the named Plaintiff's claims are not representative or typical of the claims of the putative class members; (e) the named Plaintiff cannot fairly and adequately represent the interests of the putative class members; (f) the named Plaintiff and alleged putative class counsel are not adequate representatives for the putative class members; and/or (g) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members..

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants allege that this suit may not be properly maintained as a class action because a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendants oppose class certification and dispute the propriety of class treatment.  If the Court certifies a class in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth herein against each and every member of the certified class.

/ / / /

/ / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

6.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit C
Page 36

1

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2    As a separate and distinct affirmative defense, Defendants allege that the adjudication of the

3    claims of the putative class through generalized class wide proof violates Defendants' due process

4    rights and right to trial by jury guaranteed by the United States and California Constitutions.

5

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

6    As a separate and distinct affirmative defense, Defendants allege that the prayer for

7    restitution and declaratory relief is barred with respect to any and all alleged violations of California

8    Business and Professions Code § 17200 *et seq.* that have discontinued, ceased, and are not likely to

9    recur.

10

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

11    As a separate and distinct affirmative defense, Defendants allege that they are entitled to an

12    offset against any relief due Plaintiff and/or those persons she seeks to represent, based upon their

13    respective wrongful conduct and/or monies owed to Defendants, including, but not limited to, any

14    overpayments made to Plaintiff and/or those persons she seeks to represent and any contractual

15    damages and/or indemnity owed by Plaintiff and/or those persons she seeks to represent as the result

16    of their failure to perform their contractual obligations or overpayment for hours worked.

17

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

18    As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to

19    properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are

20    not sufficiently certain to allow an award of prejudgment interest.

21

**THIRTIETH AFFIRMATIVE DEFENSE**

22    As a separate and distinct affirmative defense, Defendants allege on information and belief

23    that the Complaint is or may be barred and/or relief is or may be limited due to after-acquired

24    evidence.

25

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

26    As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the

27    putative class members consented to, encouraged, or voluntarily participated in all actions taken, if

28    any.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

7.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT
Exhibit C
Page 37

1

### THIRTY-SECOND AFFIRMATIVE DEFENSE

2    As a separate and distinct affirmative defense, Defendants alleges that the Complaint and

3    each and every cause of action alleged therein is barred, in whole or in part, under the doctrines of

4    res judicata and/or collateral estoppel based on prior settlements, waivers, releases, and/or

5    judgments.

6

### THIRTY-THIRD AFFIRMATIVE DEFENSE

7    As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the

8    putative class members are not entitled to equitable relief insofar as they have adequate remedies at

9    law.

10

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

11    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims, and

12    those of the putative class members, for unpaid overtime are barred, in whole or in part, because

13    Plaintiff and the putative class members were exempt from overtime pursuant to the state Motor

14    Carrier Exemption under Section 3(L) of Wage Order 9.

15

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

16    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims, and

17    those of the putative class members, for unpaid overtime are barred, in whole or in part, because

18    Plaintiff and the putative class members were exempt from overtime pursuant to Section 3(H) of

19    Wage Order 9.

20

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

21    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's meal period

22    claims, as well as those of the putative class members, are barred, in whole or in part, on the grounds

23    that Plaintiff and the putative class members are exempt from the requirements of the applicable

24    Wage Order(s) and provisions of the California Code of Regulations and California Labor Code,

25    pursuant to one or more exemptions set forth in Labor Code §§ 512(e)-(g) and Section 11(F) of

26    Wage Order 9.

27    / / / /

28    / / / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

8.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit C
Page 38

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the claims for penalties, including waiting time penalties under Labor Code § 203, are barred because: (1) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to Labor Code §§ 201, 202 and 203; (2) Defendants have not intentionally or willfully failed to pay such additional compensation; and (3) to impose penalties in this action would be inequitable and unjust.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members have failed to exercise reasonable care to mitigate their damages, if any, and that if it is determined that they have the right to any recovery against Defendants, such recovery should be reduced and/or eliminated by such failure.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff and/or any of the other putative class members sustained no injury, as defined in Labor Code § 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code § 226(a), from the alleged failure to maintain records pursuant to Labor Code § 1174 or from any other alleged violation of the California Labor Code.

## FORTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that any alleged failure to provide Plaintiff and/or any of the other putative class members with wage statements in conformity with Labor Code § 226(a), to maintain records pursuant to Labor Code § 1174, to pay Plaintiff or any of them, timely and properly, or any other alleged violation of the California Labor Code was not knowing, intentional, or willful.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants do not presently know all facts concerning the conduct of Plaintiff and her claims sufficient to state all affirmative defenses at this time.  Defendants will seek leave of this Court to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

9.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit C
Page 39

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

1.    The Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by way of her Complaint;

2.    Judgment be entered against Plaintiff and in favor of Defendants on each cause of action in the Complaint;

3.    Defendants be awarded its costs of suit and reasonable attorneys' fees incurred herein to the extent permitted under applicable law; and

4.    The Court award Defendants such other and further relied as it deems appropriate.

Dated: December 5, 2018

DAVID J. DOW
MATTHEW B. RILEY
LITTLER MENDELSON, P.C.
Attorneys for Defendants FIRST STUDENT
MANAGEMENT, LLC, FIRSTGROUP
AMERICA, INC., and FIRST TRANSIT, INC.

FIRMWIDE:160626373.1 999999.0583

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

10.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit C
Page 40

POS-040

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DAVID J. DOW, SBN 179401; MATTHEW B. RILEY, SBN 257643<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>TELEPHONE NO.: (619) 232-0441    FAX NO. *(Optional):* (619) 232-4302<br>E-MAIL ADDRESS *(Optional):* ddow@littler.com;mriley@littler.com<br>ATTORNEY FOR *(Name):* Defendant s FIRST STUDENT MANAGEMENT, LLC,<br>FIRSTGROUP AMERICA, INC., and TRANSIT, INC. | **ENDORSED FILED**<br>**SAN MATEO COUNTY**<br><br>DEC - 6 2018<br><br>**Clerk of the Superior Court**<br>By ___MARCELA ENRIQUEZ___<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 92701
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: BARBARA GALVAN

DEFENDANT/RESPONDENT: FIRST STUDENT MANAGEMENT, LLC

| | |
|---|---|
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service** *(only one):*<br>☐ By Personal Service  ☒ By Mail  ☐ By Overnight Delivery<br>☐ By Messenger Service  ☐ By Fax  ☐ Courtesy Copy by Electronic Service | CASE NUMBER:<br>18CIV06012 |
| | JUDGE: Hon. Marie S. Weiner<br>DEPT.: 2 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

**BY FAX**

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA 92101-3577.

3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* December 5, 2018    I served the following **documents** *(specify):*

   ### DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: **Shaun Setareh, Esq.; H. Scott Leviant, Esq.; and William M. Pao, Esq.**
   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:

      **SETAREH LAW GROUP, 315 South Beverly Drive, Suite 315, Beverly Hills, CA 90212**

   c. ☐ *(Complete if service was by fax or electronic service)*
      (1) Fax number or electronic service address where person was served:

         **shaun@setarehlaw.com; scott@setarehlaw.com; william@setarehlaw.com**

      (2) Time of service:

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>*www.courts.ca.gov*



Exhibit C<br>Page 41

**POS-040**

| CASE NAME<br>GALVAN v. FIRST STUDENT MANAGEMENT, LLC, et al. | CASE NUMBER:<br>18CIV06012 |
| --- | --- |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Diego, CA

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **Courtesy copy by electronic service.**, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 5, 2018

Cindy Lewis
(TYPE OR PRINT NAME OF DECLARANT)

▶ _(SIGNATURE OF DECLARANT)_

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(NAME OF DECLARANT)

▶ (SIGNATURE OF DECLARANT)

**Page 2 of 2**

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**
Exhibit C
Page 42

American LegalNet, Inc.
www.FormsWorkFlow.com