1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  William M. Pao (SBN 219846)
   william@setarehlaw.com
3  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   BARBARA GALVAN
7
   David J. Dow (SBN 179407)
8  ddow@littler.com
   Jocelyn D. Hannah (SBN 224666)
9  LITTLER MENDELSON, P.C.
   501 West Broadway, Suite 900
10 San Diego, California 92101
   Telephone (619) 232-0441
11 Facsimile (619) 232-4302

12 Attorneys for Defendants
   FIRST STUDENT MANAGEMENT, LLC, FIRSTGROUP AMERICA, INC. and FIRST
13 TRANSIT, INC.

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          OAKLAND DIVISION

17

18 BARBARA GALVAN, on behalf of herself,      Case No.: 4:18-cv-7378-JST
   all others similarly situated, ,
19                                             Assigned For All Purposes to the Honorable
                 Plaintiff,                    Jon S. Tigar, Courtroom 9
20
         vs.                                   **JOINT STIPULATION TO FILE
21                                             CONSOLIDATED AMENDED
   FIRST STUDENT MANAGEMENT, LLC, a            COMPLAINT**
22 Delaware limited liability company;
   FIRSTGROUP AMERICA, INC., a Delaware
23 corporation; FIRST TRANSIT, INC., a
   Delaware corporation; and DOES 1 through    Complaint Filed:   November 6, 2018
24 50, inclusive,                              FAC Filed:         June 14, 2019

25               Defendants.

26

27

28

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Civil Local Rule 7-12 of the Northern District of California, Plaintiff Barbara Galvan ("Plaintiff") and Defendants First Student Management, LLC, FirstGroup America, Inc., and First Transit, Inc. (collectively, "Defendants"), stipulate that Plaintiff be permitted to file a Consolidated Amended Complaint as set forth in the parties' Joint Case Management Conference Statement (Dkt. 112) as well as the representations to the Court during the Case Management Conference on September 19, 2023.

WHEREAS, the parties attended mediation with Todd A. Smith, Esq. on August 10, 2023, which was the first mutually available date for the parties and the mediator.  The parties reached agreement on the terms for a settlement and entered into a memorandum of understanding following the mediation on August 10, 2023;

WHEREAS, Plaintiffs' counsel in this case have conferred with plaintiffs' counsel in *Scott v. First Student, Inc.*, 22-cv-05057-JST, also before this Court, and have agreed to consolidate the cases into *Galvan*, the earlier-filed case;

WHEREAS, the Court set a deadline of October 13, 2023 to file the Consolidated Amended Complaint.

WHEREAS, pursuant to Federal Rule of Civil Procedure 15, Plaintiff may amend her Complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2).  Defendants stipulate to Plaintiff filing the proposed Consolidated Amended Complaint, attached hereto as **Exhibit A**.

IT IS SO STIPULATED.


DATED:  October 13, 2023                         SETAREH LAW GROUP


                                                                 */s/ William M. Pao*
                                                                 SHAUN SETAREH
                                                                 WILLIAM M. PAO
                                                                 Attorneys for Plaintiff
                                                                 BARBARA GALVAN

1  DATED:  October 13, 2023                    LITTLER MENDELSON, P.C.

2

3                                              /s/ David J. Dow
                                               DAVID J. DOW
4                                              JOCELYN D. HANNAH
                                               Attorneys for Defendants FIRST STUDENT
5                                              MANAGEMENT, LLC, FIRSTGROUP
                                               AMERICA, INC., and FIRST TRANSIT, INC.,
6

7                          **SIGNATURE CERTIFICATION**

8          I hereby certify that the content of this document is acceptable to David J. Dow, counsel for

9  Defendants, and I have obtained Mr. Dow's authorization to affix his electronic signature to this

10 document.

11                                              /s/ Shaun Setareh
                                               SHAUN SETAREH
12                                              Attorneys for Plaintiff
                                               BARBARA GALVAN
13

14

15 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

16

17 DATED:  October ___, 2023

18                                              HON. JON S. TIGAR
                                               United States District Judge
19

20

21

22

23

24

25

26

27

28

# "EXHIBIT A"

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  William M. Pao (SBN 219846)
     william@setarehlaw.com
3  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   BARBARA GALVAN

7

8

9

10               UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14  BARBARA GALVAN and CYNTHIA          Case No. 4:18-CV-7378-JST
    PROVENCIO, on behalf of themselves, all
15  others similarly situated,          Assigned For All Purposes to the Honorable
                                        Jon S. Tigar, Courtroom 6
16              Plaintiffs,
                                        **FIRST AMENDED CONSOLIDATED**
17       vs.                            **COMPLAINT**

18  FIRST STUDENT MANAGEMENT, LLC, a    1.  Failure to Provide Meal Periods (Lab. Code
    Delaware limited liability company; FIRST   §§ 204, 223, 226.7, 512 and 1198);
19  STUDENT, INC., a Delaware corporation;  2.  Failure to Provide Rest Periods (Lab. Code
    FIRSTGROUP AMERICA, INC., a Delaware      §§ 204, 223, 226.7 and 1198);
20  corporation; FIRST TRANSIT, INC., a    3.  Failure to Pay Hourly Wages (Lab. Code §§
    Delaware corporation; and DOES 1 through    223, 510, 1194, 1194.2, 1197, 1997.1 and
21  50, inclusive,                            1198);
                                        4.  Failure to Indemnify (Lab. Code § 2802);
22              *Defendants*.            5.  Failure to Provide Accurate Written Wage
                                            Statements (Lab. Code §§ 226(a));
23                                      6.  Failure to Timely Pay All Final Wages
                                            (Lab. Code §§ 201, 202 and 203);
24                                      7.  Unfair Competition (Bus. & Prof. Code §§
                                            17200 *et seq.*);
25                                      8.  Civil Penalties (Lab. Code §§ 2698 *et seq.*);

26                                      **JURY TRIAL DEMANDED**

27

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Mark R. Thierman, Cal SB# 72913
Joshua D. Buck, Cal SB# 258325
Leah L. Jones, Cal SB# 276488
Joshua R. Hendrickson, Cal SB# 282180
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
Tel: (775) 284-1500
Email: mark@thiermanbuck.com
Email: josh@thiermanbuck.com
Email: leah@thiermanbuck.com
Email: joshh@thiermanbuck.com

Ryan F. Stephan (*pro hac vice*)
James B. Zouras (*pro hac vice*)
Teresa M. Becvar (*pro hac vice*)
STEPHAS ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, IL 60606
Tel: (312) 233-1550
Email: rstephan@stephanzouras.com
Email: jzouras@stephanzouras.com
Email: tbecvar@stephanzouras.com

David J. Cohen (*pro hac vice*)
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
Tel: (215) 873-4836
Email: dcohen@stephanzouras.com

Attorneys for Plaintiffs
GERMAINE SCOTT and SPYNSIR TUCKER

COMES NOW, Plaintiffs BARBARA GALVAN, GERMAINE SCOTT and SPYNSIR TUCKER ("Plaintiffs"), on behalf of themselves, all others similarly situated, and the general public, complain and allege as follows:

## **INTRODUCTION**

1.     Plaintiffs bring this class and representative action against Defendant FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; FIRST STUDENT, INC., a Delaware corporation; FIRSTGROUP AMERICA, INC., a Delaware corporation; and FIRST MANAGEMENT SERVICES, LLC, a Delaware limited liability corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiffs allege that Defendants have:

> (1)     failed to provide them and all other similarly situated individuals with meal periods;
>
> (2)     failed to provide them with rest breaks;
>
> (3)     failed to pay them premium wages for missed meal periods and/or rest breaks;
>
> (4)     failed to pay them at least minimum wage for all hours worked;
>
> (5)     failed to pay them overtime wages at the correct rate;
>
> (6)     failed to pay them double time wages at the correct rate;
>
> (7)     failed to reimburse them for all necessary business expenses;
>
> (8)     failed to provide them with accurate written wage statements; and
>
> (9)     failed to pay them all of their final wages following separation of employment.

2.     Based on these alleged Labor Code violations, Plaintiffs now bring this class and representative action to recover unpaid wages, restitution and related relief on behalf of themselves, all others similarly situated, and the general public.

## **JURISDICTON AND VENUE**

3.     Plaintiff Galvan filed her action on November 6, 2018 in the Superior Court of the

1   State of California, County of San Mateo.

2       4.      Defendants removed the *Galvan* action to this Court on December 8, 2018 pursuant

3   to the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. § 1332(d).)

4       5.      Plaintiff Scott and Spynsir filed their action on July 28, 2022 in the Superior Court of

5   the State of California, County of San Francisco.

6       6.      Defendants removed the *Scott* action to this Court on September 6, 2022 pursuant to

7   CAFA.

8                                   **PARTIES**

9       7.      Plaintiff BARBARA GALVAN is, and at all relevant times mentioned herein, an

10  individual residing in the State of California.

11      8.      Plaintiff GERMAINE SCOTT is, and at all relevant times mentioned herein, an

12  individual who resides in Alameda, California and worked as an hourly-paid First Student School

13  Bus Driver from a depot located in San Francisco, California from approximately August 2001 to

14  June 2021. Plaintiff Scott is personally familiar with, and has been personally affected by, the

15  policies and practices described in this Complaint as a result of his employment with Defendant.

16      9.      Plaintiff SPYNSIR TUCKER is, and at all relevant times mentioned herein, an

17  individual who resides in San Francisco, California and worked as an hourly-paid First Student

18  School Bus Driver from a depot located in San Francisco, California from approximately July 2017

19  to July 2021. Plaintiff Tucker is personally familiar with, and has been personally affected by, the

20  policies and practices described in this Complaint as a result of her employment with Defendant.

21      10.     Plaintiffs are informed and believe, and thereupon allege that Defendant FIRST

22  STUDENT MANAGEMENT, LLC is, and at all relevant times mentioned herein, a Delaware

23  limited liability company doing business in the State of California.

24      11.     Plaintiffs are informed and believe, and thereupon allege that Defendant FIRST

25  STUDENT, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing

26  business in the State of California.

27      12.     Plaintiffs are informed and believe, and thereupon allege that Defendant

28  FIRSTGROUP OF AMERICA, INC. is, and at all relevant times mentioned herein, a Delaware

corporation doing business in the State of California.

13.    Plaintiffs are informed and believe, and thereupon allege that Defendant FIRST MANAGEMENT SERVICES, LLC is, and at all relevant times mentioned herein, a Delaware limited liability corporation doing business in the State of California.

14.    Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the doe defendants when ascertained.  Plaintiffs are informed and believe, and thereupon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs' alleged damages were proximately caused by these defendants, and each of them.  Plaintiffs will amend this complaint to allege both the true names and capacities of the doe defendants when ascertained.

15.    Plaintiffs are informed and believe, and thereupon allege that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

16.    Plaintiffs are informed and believe, and thereupon allege that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## CLASS ALLEGATIONS

17.    This action has been brought and may be maintained as a class action pursuant to the Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

18.    ***Provencio* Action:**  The class action complaint filed by Cynthia Provencio on June 3,

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

2019 in the Superior Court of the State of California, County of Alameda, Case No. RG19021391

and subsequently removed to this Court and assigned Case No. 19-cv-04152-RS.

19.   **Relevant Time Period**:  The relevant time period is defined as the time period

beginning four years prior to the filing of this action until judgment is entered.

> **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

> **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

> **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

> **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

> **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

> **Indemnification Class:**  All current and former hourly non-exempt drivers employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in the *Provencio* Action and through the date notice if mailed to a certified class who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duty.

> **UCL Class**:  All **Hourly Employee Class and Expense Reimbursement Class** members employed by Defendants in California during the **Relevant Time Period**.

20.   **Reservation of Rights**:  Plaintiffs reserve the right to amend or modify the class

definitions with greater specificity, by further division into sub-classes and/or by limitation to

particular issues.

21.   **Numerosity**:  The class members are so numerous that the individual joinder of each

individual class member is impractical.  While Plaintiffs do not currently know the exact number of

class members, Plaintiffs are informed and believe, and thereupon allege that the actual number

exceeds the minimum required for numerosity under California law.

22.   **Commonality and Predominance:**  Common questions of law and fact exist as to

all class members and predominate over any questions which affect only individual class members.

These common questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest breaks;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal periods and/or rest breaks;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

E.    Whether Defendants failed to properly calculate the regular rate of pay;

F.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

G.    Whether Defendants failed to maintain accurate time and payroll records;

H.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

I.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

J.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

K.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

23.    **Typicality:**  Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believe and thereupon allege that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this complaint.

24.    **Adequacy of Class Representative:**  Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise conflict with, the interests of absent class

members and are dedicated to vigorously prosecuting this action on their behalf.  Plaintiffs will fairly and adequately represent and protect the interests of the other class members.

25.    **Adequacy of Class Counsel:**  Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

26.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

27.    Plaintiff Galvan worked for Defendants as a non-exempt, hourly employee from approximately November 2011 through November 2017.

28.    Plaintiff Scott worked for Defendants as a non-exempt, hourly paid School Bus Driver from approximately August 2001 to June 2021.

29.    Plaintiff Tucker worked for Defendants as a non-exempt, hourly paid School Bus Driver from approximately July 2017 to July 2021.

## Off-the-Clock Work

30.    Plaintiffs and the putative class were not paid all wages earned as Defendants directed, permitted or otherwise encouraged Plaintiffs and the putative class to perform off-the-clock work.

31.    Plaintiffs and the putative class regularly started work before their scheduled work

1  hours and were not paid for this time.  Plaintiffs and the putative class were able to clock in and out

2  for each shift using a timekeeping device located inside the bus they drove.

3      32.    Plaintiffs and similarly situated drivers worked more minutes per shift than

4  Defendants credited them with having worked.  Specifically, Defendants required Plaintiffs and

5  similarly situated drivers to perform numerous job duties off-the-clock without being paid for that

6  time, including but not limited to the following:

7          a.    After providing Plaintiffs and similarly situated drivers the addresses for the

8              stops they would be assigned to make each workday, Defendants required

9              Plaintiffs and similarly situated drivers to research and plan their routes;

10         b.    After Plaintiffs and similarly situated drivers researched and planned their

11             routes, Defendants required Plaintiffs and similarly situated drivers to

12             perform a "dry run" of the routes they planned and stops that they would

13             make in their personal vehicles;

14         c.    Before clocking in for their shifts each workday, Defendants required

15             Plaintiffs and similarly situated drivers to arrive at Defendants' yard before

16             the start of their shift, retrieve the keys to their assigned bus from the office,

17             locate their assigned bus in the unorganized yard, insert the key into the bus's

18             ignition and turn all lights on, open the service door to retrieve the "wand,"

19             then wave the "wand" by the bus's on-board sensor in order to clock in for

20             the start of their shift;

21         d.    Similarly, upon returning to Defendants' yard at the end of their shift,

22             Plaintiffs and similarly situated drivers waived their "wand" to clock out of

23             their shift each workday and, after clocking out, Defendants required that

24             Plaintiffs and similarly situated drivers perform "child checks" to ensure no

25             children had been left on board the bus, hang a sign in the bus window

26             indicating that the "child check" had been performed, reconcile daily

27             paperwork, and return the paperwork and bus key to the office before being

28             released from Defendants' control; and

7

e.      Finally, Defendants required that Plaintiffs and similarly situated drivers attend various trainings, meetings and biddings without being paid for that time.

33.     Defendants knew or should have known that Plaintiffs and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiffs and the putative class for these hours.

34.     Defendants failed to keep an accurate record of hours worked by Plaintiffs and the putative class.

35.     As a result of performing off-the-clock work that was directed, permitted and/or otherwise encouraged by Defendants, Plaintiffs and the putative class should have been paid for this time.  Instead, Defendants only paid Plaintiffs and the putative class based on the time they were clocked in for their shifts and did not pay Plaintiffs and the putative class for any of the time spent working off-the-clock.

**Missed Meal Periods**

36.     Plaintiffs and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

37.     As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work through their meal periods in order to complete their assignments on time.

**Missed Rest Breaks**

38.     Plaintiffs and the putative class members were not provided with rest periods of at

least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

39.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work through their rest periods in order to complete their assignments on time.

**Expense Reimbursement**

40.    California law requires that every employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer.  Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Lab. Code § 2802.)

41.    Defendants employed a policy, practice, and/or procedure whereby Defendants passed ordinary businesses expenses to Plaintiffs and similarly situated drivers without reimbursement or indemnification.  Specifically, Defendants maintained a policy, practice, and/or procedure whereby they passed ordinary business expenses to Plaintiffs and similarly situated drivers in multiple regards:

        a.    Defendant required Plaintiffs and similarly situated drivers to use either their personal cell phones and/or personal computers in order to research and plan their routes after they were assigned locations and daily stops by Defendants;

        b.    Defendants required Plaintiffs and similarly situated drivers to use their personal vehicles to make "dry runs" of the routes that they researched and planned;

        c.    Defendants required Plaintiffs and similarly situated drivers to purchase cleaning supplies at their own expense in order to clean their busses as required by Defendants;

        d.    On a daily basis, Defendants required Plaintiffs and similarly situated drivers to

9

1    use their personal cell phones to receive calls and messages from Defendants'

2    dispatch regarding any updates or changes to their daily routes and to contact

3    clients at stops if they were not outside waiting for drivers' arrival or did not

4    come outside in a reasonable amount of time.  In addition, Defendants required

5    that Plaintiffs and similarly situated drivers use their personal cell phones GPS

6    functionality to monitor traffic and ensure they were taking the most efficient

7    route to each stop.

8    42.     Plaintiffs and similarly situated drivers' out-of-pocket expenditures, vehicle

9    mileage and maintenance costs, and persona cell phone expenses were significant as the result of

10   employment with Defendants.

11   43.     Defendants employed policies, practices, and procedures which ensured Plaintiffs and

12   similarly situated drivers would not receive indemnification for the aforementioned necessary

13   expenditures incurred as result of their employment with Defendants.  Defendants' aforementioned

14   policies, practices, and/or procedures resulted in Plaintiffs and similarly situated drivers not receiving

15   indemnification for employment-related expenditures in compliance with California law.

16   **<u>Wage Statements</u>**

17   44.     Plaintiffs and the putative class were not provided with accurate wage statements as

18   mandated by law pursuant to Labor Code section 226.

19   45.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

20   earned" were not accurately reflected in that:

21        a.     all hours worked, including overtime, were not included;

22        b.     any and all meal and/or rest period premium wages were not included.

23   46.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

24   worked by the employee" were not accurately reflected in that:

25        a.     all hours worked, including overtime, were not included.

26   47.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

27   earned" were not accurately reflected in that:

28        a.     all hours worked, including overtime, were not included.

b.    any and all meal and/or rest period premium wages were not included.

48.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

a.    all hours worked, including overtime, were not included.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (Plaintiffs and Meal Period Sub-Class)

49.    Plaintiffs incorporate by reference the preceding paragraphs of the Complaint as if fully alleged herein.

50.    At all relevant times, Plaintiffs and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

51.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

52.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

53.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

54.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

55.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

56.     At all relevant times, Plaintiffs were not subject to a valid on-duty meal period agreement.  Plaintiffs are informed and believe that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

57.     Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order.

58.     Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

59.     Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

60.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

61.     At all relevant times, Defendants failed to pay Plaintiffs and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

62.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

63.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiffs and Rest Break Sub-Class)

64.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

65.     At all relevant times, Plaintiffs and the **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

66.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

67.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

68.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

69.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

70.     Plaintiffs allege that, at all relevant times during the applicable limitations period,

Defendants maintained a policy or practice of not providing members of the **Rest Break Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

71.    At all relevant times, Defendants failed to pay Plaintiffs and the **Rest Break Sub-Class** members additional premium wages at the regular rate of pay when required rest periods were not provided.

72.    Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

73.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves and **Rest Break Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

74.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Rest Break Sub-Class** members, seek to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (Plaintiffs and Hourly Employee Class)

75.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

76.    At all relevant times, Plaintiffs and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

77.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

78.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

79.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

80.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

81.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

82.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

83.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

84.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

85.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

86.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

87.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

88.     Plaintiffs are informed and believe, and thereupon allege that, at all relevant times, Defendants have applied centrally devised policies and practices to them and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

89.     At all relevant times, Defendants failed to pay hourly wages to Plaintiffs and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

90.     During the relevant time period, Defendants failed to pay Plaintiffs and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates premised on the correct regular rate of pay. Defendant failed to include all required categories of pay in calculating the regular rate of pay and failed to properly account for hours worked in calculating the regular rate of pay.

91.     During the relevant time period, Defendants failed to pay Plaintiffs and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiffs and **Hourly Employee Class** members to perform off-the-clock work.

92.     As a result of Defendants' unlawful conduct, Plaintiffs and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

93.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

94.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802)**

**(Plaintiffs and Indemnification Class)**

95.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

96.    Plaintiffs and members of the **Indemnification Class** have been employed by Defendants in the State of California.  California law requires that Defendants indemnify its employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer.  Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee.  (Lab. Code § 2802.)

97.    Defendants have violated Labor Code section 2802 by failing to indemnify Plaintiffs and the members of the **Indemnification Class** necessary expenditures they incurred in the discharge of their duties.

98.    Specifically, Defendants maintained a policy, practice, and/or procedure whereby they passed ordinary business expenses to Plaintiffs and **Indemnification Class** members in multiple regards:

(a)    Defendant required Plaintiffs and **Indemnification Class** members to use either their personal cell phones and/or personal computers to research and plan their routes after they were assigned locations and daily stops by Defendants;

(b)    Defendants required Plaintiffs and **Indemnification Class** members to use their personal vehicles to make "dry runs" of the routes that they researched and planned;

(c)    Defendants required Plaintiffs and **Indemnification Class** members to purchase cleaning supplies at their own expense to clean their busses as required by Defendants;

(d)    On a daily basis, Defendants required Plaintiffs and **Indemnification Class** members to use their personal cell phones to receive calls and messages from

Defendants' dispatch regarding any updates or changes to their daily routes and to contact clients at stops if they were not outside waiting for drivers' arrival or did not come outside in a reasonable amount of time. In addition, Defendants required that Plaintiffs and **Indemnification Class** members use their personal cell phones GPS functionality to monitor traffic and ensure they were taking the most efficient route to each stop.

99.     Moreover, Defendants employed policies and procedures which ensured Plaintiffs and the members of the **Indemnification Class** would not receive indemnification for their employment-related expenses. This practice resulted in Plaintiffs and members of the **Indemnification Class** not receiving such indemnification in compliance with California law.

100.     Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duty, they are liable to Plaintiffs and the **Indemnification Class** for monies to compensate them for employment-related purposes to Labor Code section 2802.

101.     As a direct and proximate result of Defendants' violation of Labor Code section 2802, Plaintiffs and other **Indemnification Class** Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiffs, on behalf of themselves and the **Indemnification Class**, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiffs and the members of the **Indemnification Class** pursuant to Labor Code section 2802.

102.     Pursuant to Labor Code Section 2802, Plaintiffs and members of the **Indemnification Class** are entitled to recover the full indemnification, reasonable attorney fees and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiffs and Wage Statement Penalties Sub-Class)

103.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

104.     Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

105. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

106. Plaintiffs are informed and believe, and thereupon allege that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

107. Plaintiffs are informed and believe, and thereupon allege that Defendants' failure to provide them and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage

statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

108.    Plaintiffs and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

109.    Pursuant to Labor Code section 226(e), Plaintiffs, on behalf of themselves and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

<u>**SIXTH CAUSE OF ACTION**</u>

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

**(Lab. Code §§ 201-203)**

**(Plaintiffs and Waiting Time Penalties Sub-Class)**

110.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

111.    At all relevant times, Plaintiffs and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

112.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

113.    At all relevant times, pursuant to Labor Code section 202, employees who have

resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

114.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

115.    During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with the Labor Code by failing to timely pay them all of their final wages.

116.    Plaintiffs are informed and believe, and thereupon allege that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

117.    Plaintiff are informed and believe, and thereupon allege that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

118.    Plaintiffs are informed and believe, and thereupon allege that Defendants' failure to timely pay all final wages to them and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

119.    Pursuant to Labor Code sections 203 and 218.6, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

120.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

///

**SEVENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiffs and UCL Class)**

121.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

122.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

123.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

124.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

125.    Plaintiffs and the **UCL Class** members re-allege and incorporate the FIRST, SECOND, THIRD and FOURTH causes of action herein.

126.    Plaintiffs lost money or property as a result of the aforementioned unfair competition.

127.    Defendants have or may have acquired money by means of unfair competition.

128.    Plaintiffs are informed and believe, and thereupon allege that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

129.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to provide non-exempt employees with a paid ten-minute rest

period for every four hours worked or  major fraction thereof, by failing to pay non-exempt employees for all hours worked, and by failing to reimburse employees for expenses incurred in the discharge of their duties.

130.    At all relevant times, Plaintiffs and **UCL Class** members have been employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

131.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*.  Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

132.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiffs have suffered an injury-in-fact and lost money or property in the form of earned wages.  Specifically, Plaintiffs have lost money or property as a result of Defendants' conduct.

133.    Plaintiffs are informed and believe, and thereupon allege that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

134.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

135.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

136.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and

employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

137.    Pursuant to Business and Professions Code section 17203, Plaintiffs, on behalf of themselves and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

138.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698 *et seq.*)

139.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

140.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198 and 2802.

141.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

142.    Plaintiffs, former and current employees against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, are aggrieved employees within the meaning of Labor Code section 2699(c).

143.    Plaintiffs have complied with the procedures for bringing suit specified in Labor Code section 2699.3.

144.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiffs seek the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198 and 2802:

A.    For violations of Labor Code sections 201, 202, 203, 212, 226.7, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

B.    For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

C.    For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

D.    For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.    For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.     For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.     For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.     Pursuant to Labor Code section 2699(g), Plaintiffs seek award of reasonable attorneys' fees and costs in connection with their claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, pray for relief and judgment against Defendants as follows:

(1)     An order that the action be certified as a class action;

(2)     An order that Plaintiffs be appointed class representatives;

(3)     An order that counsel for Plaintiffs be appointed class counsel;

(4)     Unpaid wages;

(5)     Actual damages;

(6)     Liquidated damages;

(7)     Restitution;

(8)     Declaratory relief;

(9)     Pre-judgment interest;

(10)    Statutory penalties;

(11)    Civil penalties;

(12)    Costs of suit;

(13)    Reasonable attorneys' fees; and

(14)    Such other relief as the Court deems just and proper.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs, on behalf of themselves, all other similarly situated, and the general public,

3 hereby demands a jury trial on all issues so triable.

4

5 DATED:  October 13, 2023                SETAREH LAW GROUP

6

7                                        _/s/ Shaun Setareh_____
                                         SHAUN SETAREH
                                         WILLIAM M. PAO
8                                        Attorneys for Plaintiff
                                         BARBARA GALVAN
9

10 DATED:  October 13, 2023               THIERMAN BUCK LLP

11

12                                       _/s/ Mark R Thierman_____
                                         MARK R. THIERMAN
                                         JOSHUA D. BUCK
13                                       LEAH L. JONES
                                         JOSHUA R. HENDRICKSON
14

15 DATED:  October 13, 2023               STEPHAN ZOURAS, LLP

16

17                                       _/s/ David J Dow_____
                                         RYAN F. STEPHAN
18                                       JAMES B. ZOURAS
                                         TERESA M. BECVAR
19                                       Attorneys for Plaintiff
                                         GERMAINE SCOTT and SPYNSIR TUCKER

20

21

22

23

24

25

26

27

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT