1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  Brian Louis (SBN 353058)
     brian@setarehlaw.com
4  SETAREH LAW GROUP
   420 N. Camden Drive, Suite 100
5  Beverly Hills, California 90210
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   BARBARA GALVAN
8
   David J. Dow (SBN 179407)
9  ddow@littler.com
   Jocelyn D. Hannah (SBN 224666)
10 LITTLER MENDELSON, P.C.
   501 West Broadway, Suite 900
11 San Diego, California 92101
   Telephone (619) 232-0441
12 Facsimile (619) 232-4302

13 Attorneys for Defendants
   FIRST STUDENT MANAGEMENT, LLC,
14 FIRSTGROUP AMERICA, INC. and FIRST TRANSIT, INC.

15                          UNITED STATES DISTRICT COURT

16                         NORTHERN DISTRICT OF CALIFORNIA

17                                   OAKLAND DIVISION

18

| | |
|---|---|
| 19  BARBARA GALVAN, on behalf of herself, all others similarly situated, , | Case No.: 4:18-cv-7378-JST |
| 20 | Assigned For All Purposes to the Honorable Jon S. Tigar, Courtroom 9 |
| 21        *Plaintiff*, | |
| 22        vs. | **JOINT STIPULATION AND [PROPOSED] ORDER TO ALLOW SUPPLEMENTAL** |
| 23  FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability company; | **BRIEFING RE: RENEWED MOTION FOR PRELIMINARY APPROVAL OF** |
| 24  FIRSTGROUP AMERICA, INC., a Delaware corporation; FIRST TRANSIT, INC., a | **AMENDED CLASS ACTION AND PAGA SETTLEMENT** |
| 25  Delaware corporation; and DOES 1 through 50, inclusive, | |
| 26        *Defendants*. | Complaint Filed:    November 6, 2018 |
| 27 | FAC Filed:              June 14, 2019 |

28

JOINT STIPULATION TO ALLOW SUPPLEMENTAL BRIEFING RE: RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION AND PAGA SETTLEMENT
**Error! Unknown document property name.**
**Error! Unknown document property name.**

1    Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Civil Local Rule 7-12 of the Northern

2 District of California, Plaintiff Barbara Galvan ("Plaintiff") and Defendants First Student Management,

3 LLC, FirstGroup America, Inc., and First Transit, Inc. (collectively, "Defendants"), stipulate that

4 Plaintiff be permitted to file supplemental briefing on the relaxed standard for approval of class action

5 settlements, as opposed to the standard for certification of a class.

6    WHEREAS, on April 24, 2025, Plaintiff filed her Renewed Motion for Preliminary Approval of

7 Amended Class Action and PAGA Settlement (ECF 134), which is currently set to be heard on June 26,

8 2025;

9    WHEREAS, thereafter, the parties met and conferred and agreed it would be helpful to submit

10 supplemental briefing on the differences between the standard for class certification in the settlement

11 context and on a contested motion. That issue was addressed by the Ninth Circuit in *In re Hyundai and*

12 *Kia Fuel Economy Litig.*, 926 F.3d 539 (9th Cir. 2019), and some district court decisions after that case

13 have relied on it in certifying settlement classes in wage and hour cases where class certification had

14 previously been denied.

15    THEREFORE, the parties agree that Plaintiff should be permitted to submit limited

16 supplemental briefing on the differences between the standard for class certification in the settlement

17 context and on a contested motion. The proposed supplemental brief is attached as Exhibit A.

18    IT IS SO STIPULATED.

19 DATED:  June 3, 2025                    SETAREH LAW GROUP

20
                                          */s/ Shaun Setareh*
21                                        SHAUN SETAREH
                                          THOMAS SEGAL
22                                        BRIAN LOUIS
                                          Attorneys for Plaintiff
23                                        BARBARA GALVAN

24
25 DATED:  June 3, 2025                    LITTLER MENDELSON, P.C.

26
                                          */s/ David J. Dow*
27                                        DAVID J. DOW
                                          JOCELYN D. HANNAH
28                                        Attorneys for Defendants FIRST STUDENT

1
JOINT STIPULATION TO ALLOW SUPPLEMENTAL BRIEFING RE: RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION AND PAGA SETTLEMENT
**Error! Unknown document property name.**
**Error! Unknown document property name.**

MANAGEMENT, LLC, FIRSTGROUP
AMERICA, INC., and FIRST TRANSIT, INC.,

### SIGNATURE CERTIFICATION

I hereby certify that the content of this document is acceptable to David J. Dow, counsel for Defendants, and I have obtained Mr. Dow's authorization to affix his electronic signature to this document.

　　　　　　　　　　　　　　　　　　　　　*/s/ Shaun Setareh*
　　　　　　　　　　　　　　　　　　　　　SHAUN SETAREH
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　BARBARA GALVAN

2
JOINT STIPULATION TO ALLOW SUPPLEMENTAL BRIEFING RE: RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION AND PAGA SETTLEMENT
**Error! Unknown document property name.**
**Error! Unknown document property name.**

**[PROPOSED] ORDER**

Having considered the Stipulation between the parties, and good cause appearing therefore, this Court hereby grants the parties stipulation as follows:

1. Plaintiff is permitted to submit the supplemental brief attached to the Stipulation as Exhibit A in connection with her Renewed Motion for Preliminary Approval of Amended Class Action and PAGA Settlement on the differences between the standard for class certification in the settlement context and on a contested motion.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: June __6__, 2025

_____
HON. JON S. TIGAR
United States District Judge

3
JOINT STIPULATION TO ALLOW SUPPLEMENTAL BRIEFING RE: RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION AND PAGA SETTLEMENT
**Error! Unknown document property name.**
**Error! Unknown document property name.**

# Exhibit A

Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
Brian Louis (SBN 353058)
  brian@setarehlaw.com
**SETAREH LAW GROUP**
420 N. Camden Drive, Suite 100
Beverly Hills, California 90210
Telephone: (310) 888-7771
Facsimile: (310) 888-0109
shaun@setarehlaw.com
thomas@setarehlaw.com
brian@setarehlaw.com

Attorneys for Plaintiff
BARBARA GALVAN

[Additional Counsel on next page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA GALVAN and CYNTHIA PROVENCIO, on behalf of themselves, all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FIRST STUDENT MANAGEMENT, LLC, a Delaware limited liability corporation; FIRST STUDENT, INC. a Delaware corporation; FIRSTGROUP AMERICA INC. a Delaware corporation, FIRST TRANSIT INC; a Delaware corporation;. And DOES 1 through 50, inclusive<br><br>Defendants | CASE No. 4:18-cv-07378-JST-RMIx<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**<br><br>Date: June 26, 2025<br>Time: 2:00 p.m.<br>Courtroom: 6 |

| | |
|---|---|
| 1 | Joseph Lavi, Esq. (SBN 209776) |
| 2 | Vincent C. Granberry, Esq. (SBN 276483) |
| | Eve Howe, Esq. (SBN 350007) |
| 3 | LAVI & EBRAHIMIAN, LLP |
| | 8889 W. Olympic Blvd., Suite 200 |
| 4 | Beverly Hills, California 90211 |
| | Telephone: (310) 432-0000 |
| 5 | Facsimile: (310) 432-0001 |
| | Email: |
| 6 | jlavi@lelawfirm.com |
| 7 | vgranberry@lelawfirm.com |
| | ehowe@lelawfirm.com |
| 8 | Attorneys for Plaintiff CYNTHIA PROVENCIO |

Mark R. Thierman, Cal SB# 72913
Joshua D. Buck, Cal SB# 258325
Leah L. Jones, Cal SB# 276488
Joshua R. Hendrickson, Cal SB# 282180
THIERMAN BUCK LLP
 7287 Lakeside Drive Reno, NV 89511
Tel: (775) 284-1500
Email: mark@thiermanbuck.com
Email: josh@thiermanbuck.com
Email: leah@thiermanbuck.com
Email: joshh@thiermanbuck.com


James B. Zouras*
Teresa M. Becvar*
STEPHAN ZOURAS, LLC
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

David J. Cohen*
STEPHAN ZOURAS, LLC
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

*admitted pro hac vice

Attorneys for Plaintiffs
GERMAINE SCOTT and SPYNSIR TUCKER

I.     INTRODUCTION.

This brief addresses Ninth Circuit case law regarding the effect of settlement on the predominance inquiry regarding when a class can be certified. In *In re Hyundai and Kia Fuel Economy Litig.,* 926 F.3d 539 (9th Cir. 2019) the Ninth Circuit held that settlement is relevant to whether the predominance inquiry is met. Subsequently, some district court cases have certified settlement classes in wage and hour cases based on *Hyundai*, even though class certification had been previously denied in the case. *Hyundai,* and the cases citing it warrant granting certification of the settlement class in this case.

II.     IN *HYUNDAI,* THE NINTH CIRCUIT HELD THAT SETTLEMENT IS RELEVANT TO PREDOMINANCE.

*Hyundai* involved the settlement of a consumer fraud class action against automakers for alleged misrepresentations regarding the fuel economy of vehicles. *Id.* at 552.

The plaintiffs sought to certify a nationwide class, and the district court issued a tentative ruling which declined to certify a nationwide class based on potential differences in state law and requested supplemental briefing. *Id.* at 553. The parties then settled, and the district court granted preliminary approval of the settlement including certification for settlement purposes of nationwide class. *Id.*

Following final approval of the settlement, various objectors appealed. A divided Ninth Circuit panel reversed holding that the district court had abused its discretion in certifying a nationwide class without analyzing differences in state law. Id. at 555.

An en banc panel of the Ninth Circuit reversed. Importantly, the Ninth Circuit rejected the argument of the objectors that settlement was not relevant to the predominance analysis:

> Objectors Peri Fetsch and Dana Roland dispute that settlement plays any role in the predominance inquiry, arguing that the test is "precisely the same for a settlement class as it [is] for a litigation class." However, they misunderstand both *Amchem* and our statement in *Hanlon* that "[s]ettlement *benefits* cannot form part of a Rule 23(b)(3) analysis." 150 F.3d at 1022 (emphasis added). Our point, and the Supreme Court's holding in *Amchem*, was that the recovery secured through a settlement cannot be the basis for finding that common issues predominate. *Id.*; *Amchem*, 521 U.S. at 622–23, 117 S.Ct. 2231.
> In *Amchem*, the district court found that predominance was satisfied based in part on class members' common interest in the settlement benefits—prompt and fair compensation without the risk and cost of litigation. 521 U.S. at 622, 117 S.Ct. 2231. The Supreme Court held that this was error because predominance looks at the cohesiveness of "the legal or factual

questions that qualify each class member's case as a genuine controversy, questions that preexist any settlement." *Id.* at 623, 117 S.Ct. 2231. But whether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable. *See* 2 William B. Rubenstein, *Newberg on Class Actions* § 4:63 (5th ed. 2018) ("Courts ... regularly certify settlement classes that might not have been certifiable for trial purposes because of manageability concerns.").

*Id.* at 558.

The Ninth Circuit then distinguished the U.S. Supreme Court's *Amchem* decision which had found that the proposed settlement class in that case lacked predominance:

This case is a far cry from *Amchem*, which involved a "sprawling" asbestos settlement class with members who had wide ranging injuries, some exposure-only and others imminently fatal. … [T]he "heart" of the problem there was the class members' conflicting interests: current claimants, who were sick, wanted to maximize the immediate payout, whereas healthy claimants had a strong interest in preserving funds in case they became ill in the future.

In contrast, here, class members who were exposed to uniform fuel economy misrepresentations, and suffered identical injuries within only a small range of damages.

*Id.* at 559.

And the Ninth Circuit also held that because the class was certified for settlement rather than litigation purposes, differences in state law did not warrant a finding of lack of predominance, despite an earlier Ninth Circuit case holding in the context of contested class certification that this did defeat predominance: "Importantly, the *Mazza* class was certified for litigation purposes. The prospect of having to apply the separate laws of dozens of jurisdictions presented a significant issue for trial manageability, weighing against a predominance finding. *Id.* at 563.

III. **FOLLOWING *HYUNDAI*, DISTRICT COURTS HAVE CERTIFIED FOR SETTLEMENT PURPOSES SIMILAR WAGE AND HOUR ACTIONS TO THIS ONE, WHERE CERTIFICATION WAS PREVIOUSLY DENIED.**

While *Hyundai* was a consumer fraud case, district courts have applied its holding that settlement is relevant to predominance, in wage and hour cases involving alleged off-the-clock work including where class certification was denied.

In *Suarez v. Bank of America, N.A.,* 2023 WL 5837495 (N.D. Cal. 2023) the plaintiffs filed putative class actions alleging that the bank failed to pay them for off-the-clock work, provide meal and rest breaks, or reimburse expenses. *Id.* at *1.

The plaintiffs moved for class certification which was initially granted in part. However, the court subsequently entered an order granting the bank's motion for reconsideration of the order granting certification. *Id.*

The parties subsequently settled, and the district court certified a class for settlement purposes, explaining based on *Hyundai* that its prior denial of class certification did not require a different outcome:

> The court's previous denial of class certification does not change this analysis. *Harrison*, 2021 WL 5507175, at *5. Certifying a Rule 23(b)(3) class for settlement purposes does not raise the same manageability issues that certifying a litigation class does. *In re Hyundai and Kia*, 926 F.3d at 556–57 ("The criteria for class certification are applied differently in litigation classes and settlement classes. In deciding whether to certify a litigation class, a district court must be concerned with manageability at trial. However, such manageability is not a concern in certifying a settlement class where, by definition, there will be no trial."); Fed. R. Civ. P. 23(b)(3)(A)–(D) (manageability is just one factor in determining whether common questions predominate).

*Id.* at 5.

Similarly, in *Pena v. Taylor Farms Pacific, Inc.*, 2020 WL 6392576 *2 (E.D. Cal. 2020) the district court had previously granted certification of some classes but not others, including denying certification of a class based on employees donning and doffing protective gear off-the-clock. The district court found that although the plaintiffs had submitted no new evidence regarding the donning and doffing class, that under *Hyundai*, the class could be certified for settlement purposes. The district court noted that in some cases such as *Amchem*, individualized issues remain despite settlement, but in other cases such as *Hyundai:* "individualized questions and conflicts do fade away when the parties agree to settle." *Id.* at *5.

The district court then explained that the relevant question was whether the proposed settlement donning and doffing class was more like the settlement class in *Amchem*, or that in *Hyundai:*

> Here, as noted, this court previously denied the plaintiffs' motion to certify the donning and doffing subclass because there was no evidence of a uniform donning and doffing policy and because witnesses gave contradictory testimony about whether they were paid to put on, take off and clean their protective equipment. Cert. Order at 15. Employees also wore different equipment, put on and removed that equipment in different places at different times, and not everyone took the same amount of time to do it. *Id.* So the relevant question is, are these differences more like those that prevented certification of the settlement class in *Amchem* and similar cases? Or are they more similar to the differences tolerable in a settlement class, as in *Hanlon* and *Hyundai*?

*Id.* at *6.

The district court then concluded that the donning and doffing settlement class was more akin to *Hyundai* than to *Amchem*:

> At first glance, there are easy parallels to draw between the class proposed here and the class the Supreme Court rejected in *Amchem*. *See, e.g.*, 521 U.S. at 624 ("Class members were exposed to different asbestos-containing products, for different amounts of time, in different ways, and over different periods." (quoting *Georgine v. Amchem Prod., Inc.*, 83 F.3d 610, 626 (3d Cir. 1996))). Plaintiffs here, as there, have offered very little argument and no new evidence to the contrary. But because a "strong judicial policy" favors settlement of class actions, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), the court considers the law and the record independently of the parties' arguments and concludes that preliminary class certification should be granted for this subclass.
>
> No divisions within the donning and doffing subclass might pit some class members against others. To be sure, the differences highlighted above do separate some subclass members from others. And these differences might make it very difficult for some subclass members to prove they were underpaid. For that reason, a trial would be very difficult and perhaps impossible here, just as the differences between used and new car buyers in *Hyundai* would likely have complicated a trial in that case. But there is no reason to suspect that people whose jobs required laborious off-the-clock donning and doffing have different interests in the structure or size of a settlement than people who could change and clean their equipment quickly. No evidence suggests, for example, that members of this subclass would not be willing to accept immediate compensation rather than developing their evidence and making a stronger case, as in *Amchem*. Rather, every member of the donning and doffing subclass is making the same type of claim as every other, even if their individual awards are different.

*Id.* at *6.

Under the reasoning of *Suarez* and *Pena,* the settlement class here should be certified. There are no intra class conflicts, and all class members share the same wage and hour claims. The differences that warranted denial of contested class certification are not of the kind at issue in *Amchem*. Instead, the differences such as whether and to what extent settlement class members worked off-the-clock are akin to those in *Suarez* and *Pena*.

## IV.   CONCLUSION.

The proposed settlement class should be certified.

DATED: June 3, 2025  **SETAREH LAW GROUP**
**LAVI & EBRAHIM LLP**
**STEPHAN ZOURAS LLP**
**THIERMAN BUCK LLP**

*/s/ Shaun Setareh*
SHAUN SETAREH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THOMAS SEGAL
BRIAN LOUIS
JOSEPH LAVI
VINCENT GRANBERRY
EVE HOWE
JAMES B. ZOURAS
TERESA M. BECVAR
DAVID J. COHEN
JOSH BUCK
*Attorneys for Plaintiffs*